23-7290-cr
*United States v. Jackson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand twenty-four.

PRESENT:
>BARRINGTON D. PARKER,
>MARIA ARAÚJO KAHN,
>>*Circuit Judges*,
>CAROL BAGLEY AMON,
>>*District Judge*.\*

––––––––––––––––––––––––––––––––––––

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                             23-7290-cr

RAYMOND JACKSON, AKA JERRY WOO,

––––––––––––––––––––––

\* Judge Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendant-Appellant.*[**]

<hr/>

FOR APPELLEE:

Dana R. McCann, Jacob R. Fiddelman, Assistant United States Attorneys, of counsel, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:

Raymond Jackson, *pro se*, Cresson, PA.

Appeal from an order of the United States District Court for the Southern District of New York (Loretta A. Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order denying compassionate release is **AFFIRMED**.

Defendant-appellant Raymond Jackson is serving a 35-year federal sentence arising from his participation in the criminal activities of the Preacher Crew, a criminal organization. Specifically, in June 1999, the court imposed a 120-month sentence for conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5), a 60-month sentence for one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and a 240-month sentence for a second count

<hr/>

[**] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

under 18 U.S.C. § 924(c), all running consecutive to each other.

In 2022, Jackson moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court denied the motion, reasoning that Jackson failed to offer an extraordinary and compelling reason for a sentence reduction and that the 18 U.S.C. § 3553(a) sentencing factors weighed against reducing his sentence. *See United States v. Jackson*, No. 96-cr-515, 2023 WL 6038013 (S.D.N.Y. Sept. 15, 2023). Jackson appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

We review the denial of a compassionate release motion for abuse of discretion. *United States v. Fernandez*, 104 F.4th 420, 426 (2d Cir. 2024). A district court abuses its discretion when it: (1) bases its ruling on an erroneous view of the law, (2) makes a clearly erroneous assessment of the evidence, or (3) renders a decision that cannot be located within the range of permissible decisions. *Id.*

Before it may grant a compassionate release motion, a district court must find that: (1) the movant exhausted his administrative remedies, (2) an extraordinary and compelling reason justifies sentence reduction, and (3) the § 3553(a) sentencing factors weigh in favor of sentence reduction. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam). Failure to meet one of the above conditions requires that the motion for compassionate release be denied. *See id.* at 73. Accordingly, when the district court conducts an independent assessment of the 18 U.S.C. § 3553(a) sentencing factors and

3

concludes that the factors weigh against sentence reduction, we will generally affirm, regardless of whether an extraordinary and compelling reason for sentence reduction exists. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).

The district court did not abuse its discretion in concluding that the § 3553(a) sentencing factors weighed against compassionate release. The court reasoned that the seriousness of Jackson's crimes and the need for just punishment counseled against a sentence reduction. *Jackson*, 2023 WL 6038013, at *4. Jackson "participated in multiple murders" that were "callous and brutal," as part of a crew that engaged in "systemic violence against enemies and perceived enemies." *Id.* Contrary to Jackson's arguments, the district court's focus on those factors does not suggest that other relevant § 3553(a) factors were not considered. Indeed, we presume that the district court has "considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (per curiam) (internal quotation marks omitted). The record does not suggest that the court disregarded the evidence Jackson presented. Moreover, how the district court chooses to weigh the various § 3553(a) factors is generally not grounds for finding abuse of discretion. *Id.* at 571 (explaining that the district court giving greater weight to some factors does not mean that the court "failed to consider" the other factors).

Jackson also argues that the district court failed to consider the disparity between his sentence and the average sentence length in the Southern District of New York for

4

murder and firearms offenses. However, the relevant § 3553(a) factor counsels only against "*unwarranted* sentence disparities among defendants with *similar records* who have been found guilty of *similar conduct*." 18 U.S.C. § 3553(a)(6) (emphasis added). The particular brutality of the murders Jackson participated in, as well as his participation in assaults, extortion, and narcotics trafficking as a member of the Preacher Crew, are factors that differentiate him from other individuals with murder and firearm convictions. Because the district court expressly considered Jackson's individualized history and conduct, *see* 2023 WL 6038013, at *4, and we generally presume the court considered all the § 3553(a) factors, we discern no error here.[1]

We have considered Jackson's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because we affirm the district court's determination that the § 3553(a) sentencing factors do not favor sentence reduction, we need not decide whether an extraordinary and compelling reason justifies sentencing reduction. *See Jones*, 17 F.4th at 374.